**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **TRUSTEES OF THE UNIVERSITY OF PENNSYLVANIA**<br>**by its agent the Aresty Institute of Executive**<br>**Education of the Wharton School**<br>**255 South 38th Street**<br>**Philadelphia, PA 19104** | CIVIL ACTION<br><br>No. _____ |
| Plaintiff, | |
| vs. | |
| **CREDFORCE AMERICA, INC.**<br>**3700 N. Capital of Texas Highway**<br>**Suite 450A**<br>**Austin, TX  78746** | |
| Defendant. | |

## COMPLAINT

Plaintiff, Trustees of the University of Pennsylvania by and through its agent Aresty Institute of Executive Education of the Wharton School ("Plaintiff"), hereby sets forth the following causes of action against defendant CredForce America, Inc. ("Defendant" or "CredForce") and states as follows:

### The Parties

1.     Plaintiff is the Trustees of the University of Pennsylvania, a Pennsylvania nonprofit corporation, by its agent the Aresty Institute of Executive Education of the Wharton School, with a principal place of business located at 255 South 38th Street, Philadelphia, PA 19104.  The Aresty Institute of Executive Education is a business unit of the Wharton School.

2.     Defendant is CredForce America, Inc., which is upon information and belief a Texas corporation, with a principal place of business located at 3700 N. Capital of Texas Highway Suite 450A, Austin, TX  78746.  Upon information and belief, Defendant is the United States

affiliate of CredForce Asia Limited, a corporation organized under the laws of India, with a global

corporate headquarters located at Level 5, Tower-C Unitech Cyber Park, Sector 39, Gurugram,

Haryana 122001, India.

3.     Rajiv Gupta is the president and chief executive officer of CredForce.

## Jurisdiction and Venue

4.     This Court has subject-matter jurisdiction over this action pursuant to 28 U.S.C. §

1332 because complete diversity of citizenship exists between Plaintiff and Defendant and the

amount in controversy exceeds $75,000, exclusive of interest and cost.

5.     No plaintiff is a citizen of the same state as any defendant:

    (a)     Plaintiff is a citizen of Pennsylvania; and

    (b)     Defendant is, upon information and belief, a citizen of Texas or India.

6.     This Court also has jurisdiction over the subject matter and parties of this action

pursuant to 28 U.S.C. §§ 1331, and 1338(a) and (b), 15 U.S.C. §§ 1114 through 1118, and § 1125,

and under the principle of supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

7.     Thus venue is proper in this judicial district under 28 U.S.C. §§ 1391 because

Defendant is subject to personal jurisdiction in this judicial district.

8.     Additionally, Defendant consented to "personal jurisdiction and venue of the state

and federal course of Philadelphia County, Pennsylvania" for the disputes set forth below.

## Operative Facts

9.     According to its website, Defendant "empowers organizations, institutions, and

governments the world over by creating the most reliable, convenient, and economical high-stake

certification programs for their workforce and business" based on Defendant's "largest repository

of credentialing knowledge." *See* https://www.credforce.com/about (visited Sept. 25, 2020).

10.     With regard to Plaintiff, Defendant was responsible for marketing some of Defendant's executive education programs and managing the registration and application processes, paying Defendant a set rate for an agreed-upon minimum number of "seats" in such programs.

11.     As stated by Defendant:

> One of our strongest competencies lies in our ability to create collaborations with the best organizations in the world, allowing us to take the certifications, standards and education offerings of our client organizations and consortium members to new heights. A prime example of this is the high-impact partnership we coordinated between the Talent Management Institute and The Wharton School, University of Pennsylvania.
>
> Talent Management has the power to impact the success of today's business and non-business organizations dramatically. We realized both The Wharton School and TMI are global leaders in their respective fields, making a deadly combination.
>
> That's exactly how CredForce came about architecting what are now the world's most powerful Talent Management programs for HR leaders – the TMI-Wharton Associate Fellow and the TMI-Wharton Global Fellow programs. We brought Wharton and TMI together to make these programs possible. CredForce teams have worked with experts of the two institutions to create these programs from the ground up. We are also the exclusive global managers and marketers of these programs under mandate from TMI and Wharton.

*See* https://www.credforce.com/about/stakeholders (visited Sept. 25, 2020).

12.     On each of November 7, 2017, October 10, 2018, and March 18, 2019, CredForce America, Inc. executed an agreement with Defendant (acting through the Aresty Institute of Executive Education at the Wharton School) for the design and delivery of executive education programming (the "Agreements"). True and correct copies of the Agreements for 2017, 2018, and 2019 are attached hereto as Exhibits A, B, and C, respectively, and are incorporated herein by

reference.

13.     Pursuant to the Agreements, Plaintiff issued Defendants invoices, attached hereto

as Exhibit D, for the design and delivery of executive education programming.  Specifically, the

Plaintiff issued the following invoices to Defendant:

| Invoice No. | Invoice Date | Date Due | Invoiced Amount (USD) |
|---|---|---|---|
| CRED4095-1812-01 | 10/31/2018 | 01/01/2019 | $80,000 |
| CRED4095-1808-02 | 11/02/2018 | 01/01/2019 | $158,920 |
| CRED4214-1804-02 | 11/05/2018 | 01/04/2019 | $9,600 |
| CRED4214-1812-01 | 11/05/2018 | 01/04/2019 | $22,250 |
| TMIG4212-1911-01 | 6/28/2019 | 07/28/2019 | $41,000 |
| CRED4095-1907-01 | 6/28/2019 | 08/27/2019 | $123,000 |
| CRED4214-1907-01 | 6/28/2019 | 08/27/2019 | $38,000 |
| TMIG4212-1812-03 | 7/01/2019 | 08/30/2019 | $60,000 |
| CRED4095-1907-03 | 12/06/2019 | 11/08/2019 | $271,460 |
| TMIG4212-1911-02 | 12/06/2019 | 02/04/2020 | $149,340 |
| **TOTAL** | | | **$953,570** |

14.     Accordingly, the principal balance due by the Defendant for the invoices issued for

the under the Agreements is $953,570.

15.     As of the date of this complaint, Defendant has refused to pay Plaintiff the invoiced

amount of $953,570, plus interest in the amount of at least $206,437, totaling $1,160,007 due under

the Agreements.

16.     On June 10, 2020, following multiple email exchanges regarding missed and late

payments, Plaintiff sent Defendant notice of its default for failure to the pay the outstanding

balance due under the invoices plus interest by June 26, 2020.  A true and correct copy of the June

10, 2020 letter is attached hereto as Exhibit E.

17.     Defendant has acknowledged receipt of the June 10, 2020 demand letter and that at

least $950,000 is due to Plaintiff but has failed to make any payments to Plaintiff as of the date of

this complaint.  *See* Email dated September 22, 2020, attached has Exhibit F.

18.     Despite repeated demand—and the written assurances of Defendant that it was

formulating a payment plan—Defendant has not paid the outstanding invoices.

      19.     Additionally, Defendant has been using Plaintiff's images as part of its advertising:

      (a)



      (b)

(c)



(d)



(e)     And any additional images involving Wharton appearing on www.credforce.com; www.tmi.com; www.whartonemp.com; and www.linkedin.com/company/credforce.

20.     While not all of the images are currently federally registered, both the common law

and Congress have provided protection to the holders of recognized trademarks to prevent others from appropriating or copying them and taking advantage of the owner's good will for their own benefit.

21.     Congress enacted the Lanham Act almost seventy year ago to protect the value of trademarks to provide a federal cause of action to prevent their misappropriation. *See* 15 U.S.C. § 1125.

22.     A primary purpose of the Lanham Act was to ensure that "where the owner of a trade-mark has spent energy, time, and money in presenting to the public the product, he is protected in his investment from its misappropriation by pirates and cheats."  S.Rep. No. 1333, at *3 (1946).

23.     On June 19, 2020, Plaintiff demanded that Defendant "immediately remove "all mention of the University of Pennsylvania and The Wharton School (including their respective marks, logos, and copyrighted photos) from all marketing materials, websites, and social media profiles (including www.credforce.com, www.tmi.org, www.whartonemp.com, and www.linkedin.com) of CredForce America, Inc. and its affiliates, as no such references are permitted by any of our agreements or otherwise.'"  A true and correct copy of the June 19, 2020 cease and desist letter is attached hereto as Exhibit G.

24.     Despite this demand, Defendant continues to use Plaintiff's intellectual property without authorization, including those set forth above in paragraph 19(a)-19(e), defined as the "Wharton Marks."

**COUNT I**
**Breach of Contract**

25.     Plaintiff incorporates herein by this reference the allegations set forth in the

paragraphs above, as though they were set forth fully and at length.

26.     As set forth above, Plaintiff and Defendants entered into written agreements for the classes held in 2017, 2018, 2019.  *See* Exs. A, B, and C.  The Agreements provided, among other things, that Defendant would pay outstanding invoices thirty, sixty, or ninety days after the invoice is issued by Plaintiff.  *Id*.

27.     The Agreements are valid binding contracts between Plaintiff and Defendant.

28.     Defendant breached the Agreements by, among other things, refusing to pay the amounts invoiced by Plaintiff.

29.     Accordingly, Defendants has been and continues to be in default of and materially breach the terms of the Agreements between Defendant and Plaintiff.

30.     As a direct result of this material breach of the Agreement by Defendant, Plaintiff has been and continues to be damaged in the amount of $1,160,007 that is made up of the outstanding amount due under the invoices $953,570, plus interest in the amount of at least $206,437.

31.     All conditions precedent necessary to commence this action have been satisfied.

WHEREFORE, Plaintiff demands the court enter judgment in its favor and against defendant CredForce America, Inc. in a sum of $1,160,007 plus interest as it accrues and such other and further legal and equitable relief as this Court deems appropriate and just.

## COUNT II
## Promissory Estoppel

32.     Plaintiff incorporates herein by reference the foregoing allegations set forth above as though there were set forth fully and at length.

33.     This count is being pleaded in the alternative to Counts I and III pursuant to

Pa.R.Civ.P. 1020.

34.     Defendant's promise to pay Plaintiff of $1,160,007 that is made up of the outstanding amount due under the invoices $953,570, plus interest in the amount of $206,437, as it continues to accrue, should be enforced in equity.

35.     Over the parties' long-standing relationship, Defendant made repeated promises to Plaintiff that it would pay the amounts it was invoiced plus interest.

36.     To their detriment, Plaintiff reasonably and justifiably relied on Defendant's promises and representations.

37.     Defendant has not honored its promises to Plaintiff by failing and refusing to pay of $1,160,007 that is made up of the outstanding amount due under the invoices $953,570, plus interest in the amount of at least $206,437, which continues to accrue.

38.     As a direct and proximate cause of Defendant's failing and refusing to pay $1,160,007 Plaintiff has been and continues to be damaged.

39.     All conditions precedent necessary to commence this action have been satisfied.

WHEREFORE, Plaintiff demands the court enter judgment in its favor and against defendant CredForce America, Inc. in a sum of $1,160,007 plus interest as it accrues and such other and further legal and equitable relief as this Court deems appropriate and just.

**COUNT III**
**Account Stated**

40.     Plaintiff incorporates herein by reference the foregoing allegations set forth above as though there were set forth fully and at length.

41.     This count is being pleaded in the alternative to Counts I and II pursuant to Pa.R.Civ.P. 1020.

42.     As set forth above and reflected in Exhibit D, Plaintiff sent regular, accurate

9

invoices to Defendant for the executive education programs.

43.     Defendant never complained about the accuracy of the invoices and billing for the executive education programs.

44.     The fees charged by Plaintiff on the invoices were fair and reasonable, and represent the amounts Defendant agreed to pay.

45.     Based on the foregoing, an account stated exists between Plaintiff and Defendant, which Defendant has refused to pay.

46.     All conditions precedent necessary to commence this action have been satisfied.

WHEREFORE, Plaintiff demands the court enter judgment in its favor and against defendant CredForce America, Inc. in a sum of $1,160,007 plus interest as it accrues and such other and further legal and equitable relief as this Court deems appropriate and just.

## COUNT IV
## Trademark Infringement Under 15 U.S.C. § 1114

47.     Plaintiff incorporates herein by reference the foregoing allegations set forth above as though there were set forth fully and at length.

48.     The Wharton Marks are the sole and exclusive property of Plaintiff.

49.     Plaintiff has never authorized Defendant to use the Wharton Marks, any colorable imitations thereof, or any marks confusingly similar thereto without specific written authorization.

50.     Defendant has, without the consent and authorization of Plaintiff, used a colorable imitation of one or more of the Wharton Marks in connection with its sale and promotion of its business, and has caused such images to enter interstate commerce, including, inter alia, this judicial district.

51.     Defendant has promoted, marketed, and sold its products and services, in conjunction with a colorable imitation of the Wharton Mark with the knowledge and belief that

such unauthorized use in commerce has caused and is likely to cause confusion, or to cause mistake, or to deceive the purchasers of that Defendant's services and products are manufactured, endorsed, sponsored, authorized, recommended, or warranted by Plaintiff.

52.     Defendant's use of its infringing marks in interstate commerce has caused or is likely to cause confusion, or to cause mistake, or to deceive the purchasers to mistakenly believe that such products are manufactured, sponsored, endorsed, authorized, recommended, or warranted by Plaintiff.

53.     Defendant's conduct violates Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

54.     Plaintiff has been, and is likely to continue to be, irreparably harmed and damaged by Defendant's acts of trademark infringement if Defendant is not restrained, in that Plaintiff has suffered and is likely to suffer damages each time customers believe that the services and products of Defendant are sponsored, endorsed, authorized, recommended, or warranted by Plaintiff.

55.     Plaintiff has also been, and is likely to continue to be, irreparably harmed and damaged by Defendant's aforementioned acts of trademark infringement, unless Defendant is restrained, in that Plaintiff has suffered a destruction of goodwill on each occasion that it is believed that the products and services of Defendant are sponsored, authorized, endorsed, recommended, or warranted by Plaintiff.

WHEREFORE, Plaintiff demands the court enter judgment in its favor and against defendant CredForce America, Inc. and prays:

(a)     that Defendant and those persons in active concert or participation with Defendant, be preliminarily and permanently enjoined and restrained from using the Wharton Marks and any other mark confusingly similar to the Wharton Marks in the marketing, advertising, labeling, packaging, offer for sale, sale, distribution of any and all of its products;

(b)     that Defendant be ordered to account to Plaintiff for any and all profits

derived by it by reason of the acts complained of in this Complaint pursuant to 15 U.S.C. §§ 1114, 1117 and 1125;

(c)    that Defendant be ordered to pay damages to Plaintiff for injuries sustained by Plaintiff as a result of Defendant's infringement of Plaintiff's trademarks, in an amount to be determined at trial, pursuant to 15 U.S.C. §§ 1114 and 1117;

(d)    that Defendant be ordered to pay damages to Plaintiff for injuries sustained by Plaintiff as a result of Defendant's false designations of origin and unfair competition, in an amount to be determined at trial, pursuant to 15 U.S.C. §§ 1117 and 1125, and common law;

(e)    that Defendant be ordered to pay treble damages to Plaintiff pursuant to 15 U.S.C. § 1117(b);

(f)    that Plaintiff be awarded its costs of this action including reasonable attorney's fees pursuant to 15 U.S.C. § 1117 and common law; and

(g)    that Plaintiff be awarded such further relief as the Court shall deem appropriate.

Respectfully submitted,

SIRLIN LESSER & BENSON, P.C.

 */s/  Patrick J. Troy*
Jon C. Sirlin (PA Id. 17498)
Patrick J. Troy (PA Id. 89890)
ptroy@sirlinlaw.com
123 South Broad Street, Suite 2100
Philadelphia, PA 19109
Phone: (215) 864-9700

Dated:  October 14, 2020

12