**RESPONSE TO THE SUMMONS** IN **THE CIVIL ACTION CASE NO. 20-5096 - TRUSTEES OF THE UNIVERSITY OF PENNSYLVANIA Vs CREDFORCE AMERICA**

December 28, 2020

To,

SIRLIN LESSER & BENSON, P.C.
Jon C. Sirlin (PA Id. 17498)
Patrick J. Troy (PA Id. 89890) ptroy@sirlinlaw.com
123 South Broad Street, Suite 2100
Philadelphia, PA 19109

Dear Sir:

Reference: **RESPONSE TO THE SUMMONS** IN **THE CIVIL ACTION CASE NO. 20-5096 - TRUSTEES OF THE UNIVERSITY OF PENNSYLVANIA Vs CREDFORCE AMERICA**

The defendant, in compliance to the court's instruction to respond to the aforesaid summons-notice received on 12/7/2020, seeks to humbly submit the following in complete sincerity:

The defendant, CredForce, has always conducted itself as a well-meaning partner of the complainant; has paid for may other invoices raised on the defendant, and has invested a vast sum of money in building the joint executive education programs into assets for both parties, and is committed to not only resolving amicably all the issues, but looks forward to restoring the health of our relationship, and resuming doing business together, to leverage the strength of the products we have nurtured together for three years now.

CredForce requests the hon'ble courts to be assured that the payment of the said dues will be made before or latest by March 31, 2021, and hence it is prayed that all legal or penal action may kindly be kept in abeyance until March 31, 2021.

Further, as can be seen in the images below, CredForce confirms that all references to Wharton names, brands and logos on CredForce and TMI websites have been removed with effect from the first week of December, 2020.

Stakeholders | CredForce



Talent Management Institute | HR Certifications | TMI



Fellow Programs (tmi.org)













It is humbly submitted that the joint programs that use the brand properties of Wharton have not been formally marketed by CredForce in the last six months, and only being used in communication to service . Hence, the complainant may rest assured that neither has there been any formal attempt by CredForce to exploit their brand property, nor the presence of the complainant's brand properties seem to have generated any pull for the joint-programs.

Further, CredForce also submits that it has always conducted itself in a manner that upholds the spirit of the contract between the two parties, which hinged on creating and leveraging a strong

clutch of global programs in talent management. While the complainant may be free and feel within its rights to treat the contract as a sheaf of papers that merely bind us into transactional relationship, the defendant has always, and continues to treat this contract as an opportunity to build a platform that changes the way leaders around the world are trained in the complex science and art of talent management. Indeed, very humbly, just to indicate the value of these programs for the Wharton School, at least a few of the other programs of Wharton Executive Education have been cross promoted among or through the participants of Wharton-TMI Fellow programs in Talent Management, as the latter are influential executives and decision-takers in their respective organizations.

With such an approach of CredForce that did not focus on short-term gains, it is further submitted, CredForce could not possibly even imagine reneging deliberately on its financial/ commitments. That this lawsuit makes it read so is neither exactly an eloquent way to resonate with the ideals of this partnership mentioned above, nor a particularly convincing evidence of the complainant's realization of the potential for damage to both, their own brand and credibility, and the products we developed so painstakingly together for three years, and which, the defendant is determined to not allow to go down over a small dispute, when they value humongously more for both the parties.

That said, and be it as it may, ever since the complainant decided to turn this into a legal dispute, CredForce has been sincerely trying to work toward resolving all the issues cited, and that, while it sincerely regrets that these issues have cropped up, it also humbly submits that the causes of the issues in context have been entirely unavoidable.

It is pertinent to mention here that the delay in payments started with a tax dispute, which led to the freeze of the bank-accounts of the India office of CredForce - as has been duly explained in the emails written to the complainant - which debilitated the defendant's transactional capabilities. The outbreak of the Covid pandemic also impacted the cash flows significantly. However, we have now moved on, and have completed our arrangements to release the payments.

Further, the delay in removing Wharton mentions from CredForce and TMI websites was entirely on account of the caution CredForce was required to exercise to ensure protection of 3rd party interests. CredForce seeks the court's consideration of the fact that for the employers and sponsors of the past and current participants/ students of the Wharton-TMI programs, the official websites of Wharton, CredForce and TMI are the only credible and authentic sources of information about the programs. Indeed, it must be indicated here that in one of the instances, the Wharton team itself realized this, when after sending a dissociation and withdrawal of services communication to the shocked students/ participants, the Wharton team rightly withdrew the communication.

In such a situation, removing these programs suddenly from our websites would have not only potentially question-marked their training and Wharton-TMI program certificate and embarrassed the careers of these participants, but it would also have been detrimental to the reputation of Wharton, which is responsible for delivery of the said programs.

Hence, it was quite in order that CredForce took time to apprise participants about the situation, before removing the programs and Wharton mentions from its websites. As we repeatedly advised the Wharton team in our emails, requesting of their patience, such considerate circumspection was the only way to ensure the upkeep of the career interests of the present and past participants of these programs.

Hence, the defendant requests the court to consider the above as well as the following:
- the intent and readiness of the defendant to pay the complainant the pending fee due as per the invoices raised on the defendant by March 31, 2021
- that the defendant has already removed all brand property indicators of the complainant from the Defendant's websites and has ceased their usage in the marketing, advertising, labeling, packaging, offer for sale, sale, distribution of any and all of its products
- That the defendant has not derived any benefit from the presence of Wharton Marks on the defendant's websites, and hence there can be no justification of any penalty on account of abuse or exploitation of brand marks of Wharton

And adjudicate in a manner that is not unjust to the intent of the defendant, and direct the complainant/ plaintiff to wait till March 31, 2021 for the pending payments to be released, and negotiate the interest payments, and resumption/ renewal/ of business relationship between Wharton and CredForce, and work toward bringing normalcy in mutual relations, after the defendant has completed the payments.

Respectfully submitted by:

Sanjeeva Shukla
Director,

On behalf of,
CREDFORCE AMERICA, INC.
3700 N. Capital of Texas Highway Suite 450A
Austin, TX 78746

December 28, 2020