IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **TRUSTEES OF THE UNIVERSITY OF PENNSYLVANIA**<br><br>Plaintiff,<br><br>vs.<br><br>**CREDFORCE AMERICA, INC.**<br><br>Defendant. | **CIVIL ACTION**<br><br>No. 2:20-cv-05096-PBT |

### PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO STRIKE

Plaintiff, Trustees of the University of Pennsylvania, by its agent the Aresty Institute of Executive Education of the Wharton School ("Plaintiff" or "Wharton"), hereby files this Memorandum of Law in Support of its Motion to Strike (Doc. No. 6) the Response to the Summons filed by CredForce America, Inc. ("Defendant") (Doc. No. 5) and states as follows:

**I.   Introduction**

This action arises out of Defendant's multiple breaches of the agreements it made with Wharton. Defendant was responsible for marketing some of Plaintiff's executive education programs and managing the registration and application processes, paying a set rate for an agreed-upon minimum number of "seats" in such programs. On each of November 7, 2017, October 10, 2018, and March 18, 2019, CredForce America, Inc. executed agreements with Plaintiff (acting through the Aresty Institute of Executive Education at the Wharton School) for the design and delivery of executive education programming (the "Agreements"). As of the date of the Complaint (Doc. No. 1), Defendant has refused to pay Plaintiff the invoiced amount of $953,570, plus interest of $206,437, totaling $1,160,007 due under the Agreements. Additionally, as alleged in the Complaint Defendant has been using to use Plaintiff's intellectual

1

property without authorization. Accordingly, the Plaintiff brought claims against the Defendant for breach of contract, promissory estoppel, account stated, and for trademark infringement under 15 U.S.C. §1114 *et al*.

Because the Defendant did not timely respond to the Complaint, the Clerk of Court entered a default on December 21, 2020 pursuant to Federal Rule of Civil Procedure 55(a). Eight days later, Defendant filed a Response to Summons that was not signed by an attorney. (Doc. No. 5). The Response should be stricken because corporations have to hire lawyers to represent them in federal court. Defendant is not immune from this two-hundred-year-old rule, and, accordingly, the Response must be stricken.

## II.     BACKGROUND

As alleged in the Complaint (Doc. 1), Plaintiff is the Trustees of the University of Pennsylvania, a Pennsylvania nonprofit corporation, by its agent the Aresty Institute of Executive Education of the Wharton School.   Defendant is CredForce America, Inc. ("Defendant").

Defendant was responsible for marketing some of Plaintiff's executive education programs and managing the registration and application processes, paying a set rate for an agreed-upon minimum number of "seats" in such programs.   On each of November 7, 2017, October 10, 2018, and March 18, 2019, CredForce America, Inc. executed agreements with Plaintiff (acting through the Aresty Institute of Executive Education at the Wharton School) for the design and delivery of executive education programming (the "Agreements").

As of the date of the Complaint, Defendant has refused to pay Plaintiff the invoiced amount of $953,570, plus interest in the amount of at least $206,437, totaling $1,160,007 due under the Agreements. Additionally, Defendant has been using to use Plaintiff's intellectual property without authorization. Accordingly, the Plaintiff brought claims against the Defendant

for breach of contract, promissory estoppel, account stated, and for trademark infringement under 15 U.S.C. §1114 et al.

Plaintiff filed the Complaint in the above-captioned action on October 14, 2020. On October 16, 2020, Plaintiff sent Defendant a Request for a Waiver of Service of the Summons in compliance with Federal Rule of Civil Procedure 4(d)(A)-(G). *See* Doc. No. 3. Defendant returned an executed copy of the Waiver of Service dated November 11, 2020. *See* Doc. No. 3. Defendant's answer to the Complaint was due on December 15, 2020, no extension of time has been requested or granted, and the time for Defendant to file an answer to the Complaint has expired. *See* Federal Rule of Civil Procedure 4(d)(3); *see* Doc. No. 3.

On December 21, 2020, Plaintiff filed a request for entry of the default because no answer (or motion to dismiss or of any kind) has been filed by Defendant. *See* Doc. No. 3. Because Defendant had failed to plead or otherwise defend as set forth in the declaration that accompanied the request for default, the Clerk of Court entered a default against defendant CredForce America, Inc. under Federal Rule of Civil Procedure 55(a) on December 21, 2020.

On December 29, 2020, Sanjeeva Shukla, the Director of CredForce America, Inc. filed a so-called Response to the summons. (Doc. No. 5). Mr. Shukla signed and submitted the Response on behalf of CredForce. However, Mr. Shukla is not an attorney nor has any attorney entered an appearance on behalf of CredForce. Accordingly, CredForce, a corporation, is proceeding *pro se* in this action. Additionally, no attorney has signed the Response filed on behalf of CredForce.

### III.  Argument

#### A.  Standard of Review

Here, the Response is a *pro se* pleading, as such the Court should consider it under Rule 12(f), the Rule setting out the standard for a motion to strike. *Prudential Ins. Co. of Am. v.*

3

*Christ*, 2008 WL 2510719, at *2 (D.N.J. June 19, 2008).  Under the Rule, "[t]he Court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed.R.Civ.P. 12(f).

### B. CredForce Cannot Proceed Without An Attorney

It is well established that a corporate entity such as CredForce may not proceed *pro se* and must be represented by legal counsel.  *Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 201–02, 113 S.Ct. 716, 121 L.Ed.2d 656 (1993) ("It has been the law for the better part of two centuries ... that a corporation may appear in the federal courts only through licensed counsel."); *United States v. Cocivera*, 104 F.3d 566, 572–73 (3d Cir. 1996) (a corporation may not be represented by other than licensed counsel).

Here, Mr. Shukla signed and submitted the Response on behalf of CredForce.  However, Mr. Shukla is not an attorney nor has any attorney entered an appearance on behalf of CredForce.  CredForce, a corporation, is proceeding *pro se* in this action.  Accordingly, the fling Mr. Shukla has made on behalf of Defendant must be stricken.  *Laborers' Dist. Council Const. Indus. Pension Fund v. Compliance Mgmt. Grp., Inc.*, 2005 WL 1331059, at *1 (E.D. Pa. May 31, 2005) (striking *pro se* pleadings and citing *Liberty Mut. Ins. Co. v. Hurricane Logistics Co.* 216 F.R.D. 14, 16 (D.D.C.2003) (ruling that a corporation may not appear in court pro-se, and if a corporation does not retain counsel, the district court may strike the corporation's answers and responses) and *Donovan v. Road Rangers Country Junction, Inc*., 736 F.2d 1004, 1005 (5th Cir.1984)).

Moreover, the Response must be stricken under Rule 11.  Rule 11(a) of the Federal Rules of Civil Procedure provides that every pleading "must be signed by at least one attorney of record in the attorney's name—or by a party personally if the party is unrepresented.... The Court

must strike an unsigned paper unless the omission is promptly corrected after being called to the attorney's or party's attention." Fed.R.Civ.P. 11(a).  Here, Defendant has known about this suit since October 2020 and done nothing to secure the required counsel.  *See In re Fosamax Products Liab. Litig.*, 2010 WL 1685726, at *2 (S.D.N.Y. Apr. 26, 2010) (striking *pro se* pleading under Rule 11 after delay).

Finally, the Response does not plead sufficient defenses to Plaintiff's claims that sums are due to the Plaintiff under the Agreement as set forth in the Complaint.  Instead, CredForce seeks just a bit more time to pay for its obligations—which is no defense.

## IV. RELIEF REQUESTED

For the foregoing reasons, Plaintiff respectfully requests that Defendant's Response be stricken.

Respectfully submitted,

SIRLIN LESSER & BENSON, P.C.

 /s/  Patrick J. Troy
Patrick J. Troy (PA Id. 89890)
123 South Broad Street, Suite 2100
Philadelphia, PA 19109
*Attorneys for Plaintiff*

Dated:  January 12, 2021

5