IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **TRUSTEES OF THE UNIVERSITY OF PENNSYLVANIA**<br><br>Plaintiff,<br><br>vs.<br><br>**CREDFORCE AMERICA, INC.**<br><br>Defendant. | **CIVIL ACTION**<br><br>No. 2:20-cv-05096-PBT |

### PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION FOR DEFAULT JUDGMENT

Plaintiff, Trustees of the University of Pennsylvania, by its agent the Aresty Institute of Executive Education of the Wharton School ("Plaintiff" or "Wharton"), hereby files this Memorandum of Law in Support of its Motion for Default Judgment against defendant CredForce America, Inc. ("CredForce" or "Defendant") pursuant to Federal Rule of Civil Procedure 55(b) (Doc. No. 7) and states as follows:

**I.   Introduction**

This action arises out of Defendant's multiple breaches of written agreements Defendant made with Wharton. Defendant has not denied that the agreements were breached or that the amounts sought by Plaintiff are due. Nor has Defendant offered any defenses to Plaintiff's claims. Accordingly, Plaintiff is entitled to an entry of a default judgment in Plaintiff's favor and against Defendant.

On each of November 7, 2017, October 10, 2018, and March 18, 2019, Defendant executed agreements with Wharton for the design and delivery of executive education programming (the "Agreements"). As of the date of the Complaint (Doc. No. 1), Defendant has

1

refused to pay Plaintiff the invoiced amount of $953,570, plus interest of $206,437, totaling $1,160,007. Accordingly, Plaintiff brought claims against the Defendant for breach of contract, promissory estoppel, account stated, seeking the sum certain of $1,160,007 due under the invoices. Additionally, Defendant has refused to remove certain of Wharton's intellectual property from Defendant's website, *see* Complaint ¶ 19, and the Compliant brought claims for trademark violations.

After waiving service of the summons, Defendant did not timely respond to the Complaint. The Clerk of Court entered a default on December 21, 2020 pursuant to Federal Rule of Civil Procedure 55(a).

No attorney has entered an appearance for Defendant or in any way responded to the Complaint. Instead—acting *pro se*—Defendant has filed a self-titled "Response to the Summons" (Doc. No. 5). Plaintiff has moved to strike this Response as improper *pro se* post-default filling, *see* Doc. No. 6. No response to the Motion has been filed.

The Response offers no defenses to the allegations of the Complaint relating to Defendant's breaches of the Agreements. Remarkably, Defendant does not dispute that it breached the terms of the Agreement or that the sums demanded in the Complaint are owed to Plaintiff. In fact, in the Response, Defendant admits its "intent and readiness … to pay the [Plaintiff] the pending fee due as per in invoices" by March 31, 2021. *See* Doc. No. 5, p. 6. This request for a "delay" is not surprising because Plaintiff also has just learned that Defendant is winding down its business and transferring its operations to another company—named Edvantic, Inc.—most likely to avoid liability in this matter and others brought by Plaintiff's creditors.

Accordingly, Wharton respectfully requests that the Court entered a default judgment in

Wharton's favor and against Defendant $1,210,493.45 currently due under the Agreements and enter a permanent injunction precluding Defendant from using any of Plaintiff's intellectual property on its website or advertising.

## II.     BACKGROUND

As alleged in the Complaint (Doc. 1), Plaintiff is the Trustees of the University of Pennsylvania, a Pennsylvania nonprofit corporation, by its agent the Aresty Institute of Executive Education of the Wharton School.  Defendant is CredForce America, Inc. ("Defendant").

Defendant was responsible for marketing some of Plaintiff's executive education programs and managing the registration and application processes, paying a set rate for an agreed-upon minimum number of "seats" in such programs.  On each of November 7, 2017, October 10, 2018, and March 18, 2019, CredForce America, Inc. executed agreements with Plaintiff (acting through the Aresty Institute of Executive Education at the Wharton School) for the design and delivery of executive education programming (the "Agreements").  *See* Declaration of Michael Malefakis ("Declaration"), attached hereto as Exhibit A and incorporated herein.

As of the date of the Complaint, Defendant has refused to pay Plaintiff the invoiced amount of $953,570, plus interest of $206,437, totaling $1,160,007 due under the Agreements. Additionally, Defendant has been using to use Plaintiff's intellectual property without authorization.  Accordingly, the Plaintiff brought claims against the Defendant for breach of contract, promissory estoppel, account stated, and for trademark infringement under 15 U.S.C. §1114 *et al.*

Plaintiff filed the Complaint in the above-captioned action on October 14, 2020.  On October 16, 2020, Plaintiff sent Defendant a Request for a Waiver of Service of the Summons in

compliance with Federal Rule of Civil Procedure 4(d)(A)-(G).  *See* Doc. No. 3.  Defendant returned an executed copy of the Waiver of Service dated November 11, 2020.  *See* Doc. No. 3.  Defendant's answer to the Complaint was due on December 15, 2020, no extension of time has been requested or granted, and the time for Defendant to file an answer to the Complaint has expired.  *See* Federal Rule of Civil Procedure 4(d)(3); *see* Doc. No. 3.

On December 21, 2020, Plaintiff filed a request for entry of the default because no answer (or motion to dismiss or of any kind) has been filed by Defendant.  *See* Doc. No. 3.  Because Defendant had failed to plead or otherwise defend as set forth in the declaration that accompanied the request for default, the Clerk of Court entered a default against defendant CredForce America, Inc. under Federal Rule of Civil Procedure 55(a) on December 21, 2020.

On December 29, 2020, Sanjeeva Shukla, the Director of CredForce America, Inc. filed a so-called Response to the summons.  (Doc. No. 5).  Mr. Shukla signed and submitted the Response on behalf of CredForce.  However, Mr. Shukla is not an attorney nor has any attorney entered an appearance on behalf of CredForce.  Accordingly, CredForce, a corporation, is proceeding *pro se* in this action.  Additionally, no attorney has signed the Response filed on behalf of CredForce.

The Response offers no defenses to the allegations of the Complaint relating to Defendant's breaches of the Agreements.  Remarkably, Defendant does not dispute that it breached the terms of the Agreement or that the sums demanded in the Complaint are owed to Plaintiff.  In fact, in the Response, Defendant admits its "intent and readiness … to pay the [Plaintiff] the pending fee due as per in invoices" by March 31, 2021.  *See* Doc. No. 5, p. 6.  Plaintiff has moved to strike this Response as improper *pro se* post-default filing, *see* Doc. No. 6.  In addition, as of the date of this motion, Defendant has not responded to the motion to strike.

As set forth in the Declaration, the total amount due to Plaintiff from the Defendant is $1,210,493.45 as of February 12, 2021 and interest will continue to accrue. Despite repeated demand—and the written assurances of Defendant that it was formulating a payment plan—Defendant has not paid the outstanding invoices as of the date of the Declaration.

Additionally, as set forth in the Declaration, despite repeated notice—and the written assurances of Defendant that it was doing so—Defendant has not removed all references to the Plaintiff from its website. Instead, Defendant and its affiliates continue to represent that they have a relationship with Plaintiff and display images associated with Plaintiff on their websites (both publicly and on password-protected pages) and marketing materials, as detailed in the attached communication from Plaintiff to Defendant, which is attached as Exhibit B to the Declaration.

### III. ARGUMENT

#### A. Standard of Review

Rule 55(b) of the Federal Rules of Civil Procedure provides for entry of default judgment against a defendant who has not appeared and who is neither a minor nor an incompetent person. Fed.R.Civ.P. 55(b). When a party has defaulted and all of the procedural requirements for a default judgment are satisfied, the decision to enter default judgment under Rule 55(b)(2) rests in the discretion of the district court. *Emcasco Ins. Co. v. Sambrick*, 834 F.2d 71, 74 (3d Cir. 1987). In undertaking this evaluation, this Court must consider: (1) whether the plaintiff will be prejudiced if the default is denied; (2) whether defendant appears to have a litigable defense, and (3) whether defendant's delay is due to culpable conduct. *See, e.g., Chamberlain v. Giampapa*, 210 F.3d 154, 164 (3d Cir. 2000) (citing *United States v. $55,518.05*

*in U.S. Currency*, 728 F.2d 192, 195 (3d Cir. 1984)).[1]  A court accepts as true any factual allegations, other than those as to damages, contained in the complaint.  *DIRECTV, Inc. v. Pepe*, 431 F.3d 162, 165 n.6 (3d Cir. 2005).

### B.  Wharton is entitled to a default judgment against CredForce.

In the instant matter, it is clear that the factors articulated in *Chamberlain* weigh in favor of granting default judgment in Wharton's favor and against CredForce.  *See Chamberlain*, 210 F.3d at 164. "When a defendant is in default and has not opposed the motion for default judgment . . . trial courts in this circuit give somewhat less deference to *Chamberlain*." *Smith Transp., Inc. v. Truck & Bus Wash, Inc*., 2007 WL 320826 (W.D. Pa. Jan. 30, 2007) (collecting cases).

First, there is a risk of prejudice to Plaintiff if default is denied, as Defendant owes Plaintiff over one million dollars and, based on information and belief, Defendant is actively engaged in transferring its assets to another entity.  The interest in avoiding prejudice is less salient where, as here, the defendant has neither moved to set aside default nor opposed the entry of default judgment. *Id.*

"The showing of a meritorious defense is accomplished when 'allegations of defendant's answer, if established on trial, would constitute a complete defense to the action.'" *United States v. $ 55,518.05*, 728 F.2d 192, 195 (3d Cir.1984). Where there is no responsive pleading, there is no opportunity to gauge the merits of any defense, and this factor does not militate against default judgment. *Bd. of Trs. of the Constr. Indus. Pension Laborers' Dist. Council Fund v. ABC*, 2004 U.S. Dist. LEXIS 22945, at 6-7 (E.D.Pa. Nov. 4, 2004) (finding that because the

---

[1]  It should be noted, however, "*Chamberlain*, perhaps counterintuitively, applies this three-part test to the motion seeking a default judgment whereas the case on which Chamberlain relies--*$55,518.05 in U.S. Currency*--sets out the test in the context of a motion to overturn a default judgment." *Hill v. Williamsport Police Dep't*, 69 F. App'x 49, 51 (3d Cir. 2003).

defendant failed to file a responsive pleading the court was not in a position to determine whether the defendant has a meritorious defense); *Carpenters Health & Welfare Fund v. Naglak Design*, 1995 U.S. Dist. LEXIS 566, at *7 (E.D.Pa. Jan. 18, 1995) (same).

As discussed above, the Response offers no defenses to the allegations of the Complaint relating to Defendant's breaches of the Agreements.  Remarkably, Defendant does not dispute that it breached the terms of the Agreement or that the sums demanded in the Complaint are owed to Plaintiff.  In fact, in the Response, Defendant admits its "intent and readiness … to pay the [Plaintiff] the pending fee due as per in invoices" by March 31, 2021.  *See* Doc. No. 5, p. 6.  The Response does not plead sufficient defenses to Plaintiff's claims that sums are due to the Plaintiff under the Agreement as set forth in the Complaint.  Instead, CredForce seeks just a bit more time to pay for its obligations—which is no defense.

It is also impossible for the Court to determine whether Defendant's delay was attributable to culpable conduct.  However, Plaintiff served on Defendant copies of its Complaint, its Request for Entry of Default, and its Motion for Default Judgment.  Defendant also executed a waiver of service that acknowledged judgment could be entered against it if no answer or Rule 12 motion was timely filed.  (Doc. 4).  Defendant was well aware of its obligations in this litigation and its failure to appear merits the default judgment granted in the accompanying Order.  Second, Defendant has not asserted any defense, either by property answering the allegations of the Complaint.  Finally, there no excuse or reason for Defendant's default other than its own conduct.  Defendant was served with all of the required documents.  Despite this fact, Defendant has neither engaged in the litigation process nor offered any reason for its failure to appear.  Therefore, a finding that Defendant is culpable for its failure to appear and that there is no basis to excuse this conduct is required.  Accordingly, default judgment is

warranted.

Additionally, Defendant has not removed all references to the Plaintiff from its website. Instead, Defendant and its affiliates continue to represent that they have a relationship with Plaintiff and display images associated with Plaintiff on their websites (both publicly and on password-protected pages) and marketing materials, as detailed in the attached communication which is attached as Exhibit B to the Declaration.

The law of trademark protects trademark owners in the exclusive use of their marks when use by another would be likely to cause confusion.'" *Fisons Horticulture, Inc. v. Vigoro Indus., Inc.*, 30 F.3d 466, 472 (3d Cir.1994) (citations omitted).  As a result, in order to prevail on its trademark infringement claim, Plaintiff must demonstrate: (1) that it holds and owns valid and legally protectable marks as set forth in Paragraph 19 of the Complaint; (2) that it owns the intellectual property in Paragraph 19 of the Complaint; and (3) that Defendant's use of the intellectual property in Paragraph 19 of the Complaint will likely cause confusion as to the source, affiliation, and/or sponsorship of the intellectual property. *Chanel, Inc. v. Matos*, 133 F. Supp. 3d 678, 684–85 (D.N.J. 2015).  Here, it is unquestionable that Plaintiff holds and owns intellectual property in Paragraph 19 of the Complaint.  Moreover, it is undeniable that that Defendant's use of the intellectual property in Paragraph 19 of the Complaint will likely cause confusion as to the source, affiliation, and/or sponsorship of the intellectual property.  Indeed, Plaintiff understands that Defendant and its affiliates are advertising and promoting a program related to Plaintiff.  However, no such program exists or is scheduled to occur in November 2021.  *See* Declaration Exhibit B.  This is the epitome of confusion in the marketplace.

"A permanent injunction issues to a party after winning on the merits and is ordinarily granted upon a finding of trademark infringement." *Lermer Germany GmbH v. Lermer Corp.*,

94 F.3d 1575, 1577 (Fed.Cir.1996). Nevertheless, in seeking a permanent injunction, "[a] plaintiff must demonstrate: (1) that it has suffered an irreparable injury; (2) that the remedies available at law, such as monetary damages," prove inadequate to compensate for that injury; (3) that the balance of hardships between the plaintiff and defendant favor equitable relief; and (4) "that the public interest would not be disserved by a permanent injunction." *eBay Inc. v. MercExchange*, LLC, 547 U.S. 388, 391 (2006).

Here, Plaintiff meets this four-factor test for injunctive relief, and the Court should grant permanent injunctive relief.  First, irreparable harm is exists in clear cases of confusion, and that Defendant's use of Plaintiff's intellectual property to solicit enrollees for a non-existant program is the height of confusion. *Pappan Enters., Inc. v. Hardee's Food Sys., Inc*., 143 F.3d 800, 805 (3d Cir.1998) (citation omitted). With respect to the second requirement, although a remedy at law would provide some degree of monetary relief, it would not adequately compensate Plaintiff for the reputational and goodwill injury associated with the fiction that program is being offered at Wharton when one in fact is not,  nor would it necessarily prevent, or even impede, future trademark infringement. A balancing of hardships strongly favors issuance of an injunction. Indeed, the injunction sought only requires Defendant to abide by the law and to refrain from infringing the intellectually property.  In the absence of an injunction, Plaintiff faces the hardships that gave rise to this litigation: loss of reputation, goodwill, and sales.  In that respect, any harm suffered by Defendant as a result of an injunction would be self-inflicted. *See Novartis Consumer Health, Inc. v. Johnson & Johnson–Merck Consumer Pharm. Co.*, 290 F.3d 578, 596 (3d Cir.2002) ("[T]he injury a defendant might suffer if an injunction were imposed may be discounted by the fact that the defendant brought the injury upon itself.").  Finally, issuing an injunction furthers the public's interest in the protection of Plaintiff's intellectual property, in the

9

avoidance of consumer confusion and prevent further fraud on the part of the Defendant.

## IV.     RELIEF REQUESTED

For the foregoing reasons, Plaintiff respectfully requests that a default judgment for $1,210,493.45 should be entered in favor of Plaintiff and against Defendant as well as a permanent injunction.

|  |  |
|---|---|
|  | Respectfully submitted, |
|  | SIRLIN LESSER & BENSON, P.C. |
|  | /s/ Patrick J. Troy |
|  | Patrick J. Troy (PA Id. 89890) |
|  | 123 South Broad Street, Suite 2100 |
| Dated: February 23, 2021 | Philadelphia, PA 19109 |
|  | *Attorneys for Plaintiff* |